# IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
## NORTHERN DIVISION

MARCELLA R. RONYAK     *
13911 Carlson Farm Road, Germantown,
Montgomery County, MD 20874     *

ROBERTA A. HANSEN     *
13911 Carlson Farm Road, Germantown,
Montgomery County, MD 20874     *

       Plaintiffs     *

       v.     *

ROBERT BLADE     *    Case No. _____
6334 Little Sorrell Drive
Mechanicsville, VA 23111     *

THE UNITED STATES OF AMERICA     *

       Defendants     *

Serve:  United States Attorney     *
Garmatz Federal Courthouse
101 W. Lombard Street     *
Baltimore, MD 21201
               *

## COMPLAINT UNDER FEDERAL TORT CLAIMS ACT

MARCELLA R. RONYAK and ROBERTA A. HANSEN, Plaintiffs, bring this action against ROBERT BLADE and THE UNITED STATES OF AMERICA, Defendants, and for their causes of action state as follows:

### Jurisdiction & Venue

1.      This action is brought under the Federal Tort Claims Act and this Court thus has subject matter jurisdiction pursuant to 28 U.S.C. § 2672, *et. seq.*

2.      This Court has personal jurisdiction over Defendant Robert Blade because Defendant Blade was involved in an automobile collision with Plaintiffs in Howard County, Maryland as is alleged below.

3.      Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because the events and omissions giving rise to these claims occurred in Howard County, Maryland.

### Parties

4.      Plaintiff Ronyak is an adult female citizen of the United States who resides in Germantown, Montgomery County, Maryland.

5.      Plaintiff Hansen is an adult female citizen of the United States who resides in Germantown, Montgomery County, Maryland.  Plaintiff Hansen is the mother of Plaintiff Ronyak.

6.      Defendant Blade is an adult male who resides in Mechanicsville, Virginia. On information and belief, at the time of the incident alleged below, Defendant Blade is

believed to have been an employee of the United States Defense Mapping Agency and thus Defendant United States of America was his employer.

### *Facts Common To Counts*

7.      On the evening of November 21, 2014, Plaintiff Ronyak traveled to BWI Thurgood Marshall Airport to pick up her mother, Plaintiff Hansen, who was visiting the Ronyak family from Washington State.  Mrs. Ronyak and Ms. Hansen were traveling to the then Ronyak home in Boyds, Montgomery County, Maryland.

8.      At approximately 12:13 a.m. on November 22, 2014, Mrs. Ronyak was operating her 2013 BMW sedan southbound on I-95 near Vollmerhausen Road in Howard County, Maryland.

9.      At the same time and place, an employee of the U.S. Defense Mapping Agency, Defendant Blade, was operating a GSA owned 2013 Ford Fusion also southbound on I-95.  Mr. Blade apparently fell asleep while driving and his vehicle swerved from left to right and struck the Ronyak vehicle on the driver's side.

10.      Plaintiff Ronyak saw the accident developing and she took evasive action to her right which forcefully threw the seat-belted occupants against the interior portions of her vehicle.  The Ronyak vehicle slid into the guard rail on the shoulder of the highway and both occupants were "shaken up."

11.      Mrs. Ronyak called 911 and Cpl. C. Gibson of the Maryland State Police responded, conducted an investigation and issued a Motor Vehicle Crash Report, a copy

of which is attached hereto and incorporated herein as **Exhibit No. 1.** Cpl. Gibson's report concluded that Defendant Blade "Failed to obey traffic control, Failed to Yield Right of Way, Fell fainted, etc., Failed to drive within a single lane, Failed to give full time and attention." Defendant Blade was issued several citations for his negligence.

12.     On information and belief, Defendant Blade was operating his GSA vehicle with the knowledge and permission of his employer Defendant United States of America and as an agent of and as an employee of the United States in furtherance of his employment duties.

### *Summary of Ronyak Injuries & Treatment*

13.     In 2013, Plaintiff Ronyak was diagnosed with Fibromyalgia, a common nonarticular rheumatic Syndrome characterized by myalgia and multiple points of focal Muscle tenderness to Palpation (Trigger Points).

14.     At the time of the collision, her symptoms had been improving but the accident reignited her problems which resulted in a sustained course of treatment with physicians, physical therapists, chiropractors and hospitals.

15.     Briefly, her injuries included Sprain lumbar region, Lumbosacral neuritis, Sprain of neck, Sprain thoracic region and Headaches.

16.     As a direct result of this accident, Mrs. Ronyak incurred medical bills in the total amount of **$13,030.30.**

17     Her conditions of Fibromyalgia & Chronic Fatigue Syndrome were

aggravated by the collision and her symptoms worsened and continue to the present day.

18      Currently, Plaintiff Ronyak experiences pain in her left shoulder, headaches, and lower back pain.  She has numbness in her extremities which causes limited strength and mobility.  She continues to receive periodic care due to headaches, shoulder and back pain.  Her mobility has been impacted by the physical results of the accident including limiting her exercise regimen, completion of household chores (lifting and bending), interactive coaching ability (limited strength in her shoulder and back pain), and she becomes very stiff when sitting for extended period of times.  She has headaches related to neck pain which has impacted her eye sight on occasion.  She still does not rest well and often wakes up from numbness in the extremities, back pain, and neck stiffness.

19.     Her injuries are permanent in nature and will require periodic treatment and medical expenses in the future.

### *Summary of Hansen Injuries & Treatment*

20.     Like her daughter, Plaintiff Hansen struck the interior portion of the Ronyak vehicle at the time of the collision and sustained physical injuries.

21.     She sustained spinal spasms in the posterior portions of her cervical, thoracic and lumbosacral spine.

22.     She underwent an extensive course of treatment with chiropractors, licensed massage therapists and physical therapists.

23.     As a direct result of this accident, Ms. Hansen incurred medical bills in the total amount of **$5,306.75**.

24.     She underwent dozens of painful sessions of chiropractic care, massage treatment and physical therapy.

25.     Her physical activities have also been significantly limited.  At the time of the accident, Plaintiff Hansen was a resident of the State of Washington.  She has since relocated to Maryland to live with her family.  She continues to have pain throughout her back, neck and right arm.  Since the accident she has difficulty going up and down stairs.

26.     Her injuries are permanent in nature and will require periodic treatment and medical expenses in the future.

### Count One - Negligence - (Ronyak v. Blade)

27.     Plaintiff Ronyak incorporates herein by reference the allegations set forth above.

28.     At the time and place of the collision, Defendant Blade had a duty to Plaintiff to use due care and caution in the operation of his vehicle, a duty to obey all traffic laws and regulations, and a duty to avoid a collision with Plaintiff.

29.     Defendant Blade violated each of those duties and was thus negligent toward Plaintiff.  Furthermore, such negligence was the proximate cause of the collision, and that collision resulted in the injuries and damages to Plaintiff which are summarized above.

WHEREFORE, Plaintiff Marcella R. Ronyak demands judgment against Defendant Robert Blade and claims damages of $500,000.00 plus the costs of this action.

### Count Two - Imputed Negligence/Respondeat Superior - (Ronyak v. United States)

30.     As alleged above, on information and belief Defendant Blade was operating his GSA owned vehicle with the knowledge and permission of his employer Defendant United States of America and within the scope and duties of his employment.

31.     As the employer of Defendant Blade, Defendant United States of America is responsible for injuries or damages caused by the wrongful or negligent acts of Defendant Blade committed within the scope of his employment.

32.     Accordingly, the negligence of Defendant Blade is imputed to Defendant United States of America under the common law doctrine of *respondeat superior.*

33.     Plaintiff Ronyak timely filed an Administrative Claim against the United States on October 25, 2016 pursuant to 28 U.S.C. §§ 2671 - 2680 as evidenced by the Standard Claim Form 95 and letter of acknowledgment from the Department of the Army which is attached hereto and incorporated herein as **Exhibit No. 2.**

WHEREFORE, Plaintiff Marcella R. Ronyak demands judgment against Defendant United States of America and claims damages of $500,000.00 plus the costs of this action.

### Count Three - Negligence - (Hansen v. Blade)

34.     Plaintiff Hansen incorporates herein by reference the allegations set forth

above.

35.     At the time and place of the collision, Defendant Blade had a duty to

Plaintiff to use due care and caution in the operation of his vehicle, a duty to obey all

traffic laws and regulations, and a duty to avoid a collision with Plaintiff.

36.     Defendant Blade violated each of those duties and was thus negligent

toward Plaintiff.

37.     Such negligence was the proximate cause of the collision, and that collision

resulted in the injuries and damages to Plaintiff which are summarized above.

WHEREFORE, Plaintiff Roberta A. Hansen demands judgment against Defendant

Robert Blade and claims damages of $500,000.00 plus the costs of this action.

**Count Four - Imputed Negligence / *Respondeat Superior* - (Hansen v. United States)**

38.     As alleged above, on information and belief Defendant Blade was operating

his GSA owned vehicle with the knowledge and permission of his employer Defendant

United States of America and within the scope and duties of his employment.

39.     As the employer of Defendant Blade, Defendant United States of America

is responsible for injuries or damages caused by the wrongful or negligent acts of

Defendant Blade committed within the scope of his employment.

40.     Accordingly, the negligence of Defendant Blade is imputed to Defendant

United States of America under the common law doctrine of *respondeat superior.*

41.     Plaintiff Hansen timely filed an Administrative Claim against the United

States on October 25, 2016 pursuant to 28 U.S.C. §§ 2671 - 2680 as evidenced by the

Standard Claim Form 95 and letter of acknowledgment from the Department of the Army

which is attached hereto and incorporated herein as **Exhibit No. 3.**

WHEREFORE, Plaintiff Roberta A. Hansen demands judgment against Defendant

United States of America and claims damages of $500,000.00 plus the costs of this

action.

Respectfully submitted,

*/s/ Mark J. Hardcastle*

Mark J. Hardcastle, Federal Bar ID #4470
Suite 418
5950 Symphony Woods Rd.
Columbia, Maryland 21044-3591
(410) 884-1160, Ext. 3021 - voice
(410) 884-1167 - facsimile
mjhardcastle@gmail.com - e-mail

Counsel for Plaintiffs

Ronyak, Marcy/Complaint 04.25.19

| Report Number: | State of Maryland Motor Vehicle Crash Report | Reporting Agency: |
|---|---|---|
| MSP5039000Q | | Maryland State Police |

## Case Information:

| | | |
|---|---|---|
| Report Type: **Property Damage Crash** | County: **Howard** | Municipality: N/A |
| Local Case No.: **14MSP038903** | Local Codes: | Crash Date: **11/22/2014** |
| Investigating Officer **CPL C. Gibson 5039** | | Crash Time: **12:13 AM** ☐ Photos Taken |

## Location:

| | |
|---|---|
| GPS X-Coordinates: 39.15409158841150 | GPS Y-Coordinates: -76.83743476867680 |
| Main Road: **NO NAME** | Route #: **IS0095** |
| Intersecting Road: **VOLLMERHAUSEN RD** | Intersecting Route #: **CO0194** |
| Mile Point: **3.37**  Mile Point Direction: **N** | Distance: **300 Feet**  Distance Direction: **S** |

## Accident Diagram:



## Narrative:

VEHICLE 1 TRAVELED SOUTH ON I95 SOUTHBOUND SOUTH OF VOLLMERHAUSEN RD IN LANE 1.
VEHICLE 2 TRAVELED SOUTH ON I95 SOUTHBOUND SOUTH OF VOLLMERHAUSEN RD IN LANE 3.

THE OPERATOR OF VEHICLE 1 FELL ASLEEP BEHIND THE WHEEL AND VEHICLE 1 DRIFTED FROM LANE 1 INTO LANE 3 STRIKING VEHICLE 2 IN LANE 3.

NO DAMAGE TO STATE PROPERTY.

ALL EVENTS DID OCCUR IN HOWARD COUNTY MARYLAND.

DAMAGE TO PROPERTY: Federal-VEHICLE 1 IS PROPERTY OF US GSA.

## Crash Type:

| | | |
|---|---|---|
| Collision Type: **Same Direction Right Turn** | | |
| Harmful Event One: **Other Vehicle** | Harmful Event Two: **N/A** | |
| Fixed Object Struck: **N/A** | School Bus Involved: **Not Involved** | |
| Const./Maint. Zone: **No** | | |

## Road/Area:

| | | |
|---|---|---|
| Lane No.: **3** | Lane Dir.: **S** | |
| No. of Lanes: **4** | Rd. Alignment: **Straight** | Rd. Grade: **Level** |
| Rd. Division: **Two-Way, Divided, Positive Median Barrier** | Traffic Control: **No Controls** | |
| Intersection: **N/A** | | |
| Junction: **Non Intersection** | Inter. Area: **N/A** | |

## Conditions:

| | | |
|---|---|---|
| Road Condition: **No Defects** | Contrib - Road: **N/A** | |
| Weather: **Clear** | Contrib - Environment: **N/A** | |
| Surface Condition: **Dry** | Light: **Dark Lights On** | |

MARYLAND OFFICIAL STATE POLICE

Exhibit No. 1

## Vehicle 1 (G104626K)
### Basic Information

Registration: G104626K      Tag State: US          Exp Year: 2014          VIN #: 3FADP0L36AR373909
Year:   2013      Make: FORD              Model: FUSION          Body Type: Passenger Car
Insurer:  GSA                                    Policy #: SELF INSURED

### At Fault/Citation(s)

At Fault:  Yes      Citation Issued: Yes      Citation Code: 3SP0AYG, 3SPQAYG, 3SN0AYG, 3SM0AYG

### Owner

First:   NA                    Middle:                    Last: US GSA
Street:   1800 F ST NW                                                        Home Phone: ███████
City:   WASHINGTON          State: DC          Zip: 20405          Other Phone:

### Driver

DL#: ███████          DL State: VA          DL Class: NONE          CDL: No
First:  ROBERT              Middle:              Last: BLADE
Street:  6334 LITTLE SORREL DRIVE
City:  MECHANICSVILLE        State: VA          Zip: 23111          Home Phone: ███████
DOB: ███████                Sex: M                            Other Phone:

Safety Equip.:  Shoulder/Lap Belt(S)      Equip. Problem: N/A          Airbag Deployed: Not Deployed

Alch. Test Given:   N/A                    Alch. Test Type:                          BAC: N/A
Substance Use:     None Detected          Drug Test Given: N/A          Drug Test Result:

EMS Unit:          Injury Severity: No Injury                    Ejected: Not Ejected/Trapped
   Condition: Apparently Normal

### Impact & Damage

First Impact: One Oclock                    Areas Damaged: One Oclock, Two Oclock, Twelve Oclock
Main Impact: One Oclock
Most Harmful Event: Other Vehicle
   Damage Extent: Superficial                                          Fire: No

### Circumstances

Going Direction: S      Continuing Direction: S      Vehicle Movement: Changing Lanes          Speed Limit: 65
Left Scene: No                          Driverless Vehicle: No          Emergency Vehicle: No
   Special Function: N/A

Contrib. Circumstances Person:  Failed To Obey Other Traffic Control, Failed To Yield Right Of Way, Fell Asleep, Fainted, Etc.,
                    Failure To Drive Within A Single Lane, Failed To Give Full Time And Attention
Driver Distracted By:  Not Distracted                    Contrib. Circumstances Vehicle: N/A

Sequence of Events: Struck Motor Vehicle In Transport

### Towing

Towed: No          Removed By:                    Removed To:

### END - Vehicle 1 (G104626K)

## Vehicle 2 (M310WSUR)

### Basic Information

Registration: M310WSUR      Tag State: WA      Exp Year: 2015      VIN #: WBA3B5G5XDNS05109

Year:   2013      Make: BMW      Model: 323I      Body Type: Passenger Car

Insurer:   USAA      Policy #: 019207536C

### At Fault/Citation(s)

At Fault:   No      Citation Issued: No      Citation Code:

### Owner

First:   MARCELLA      Middle: RAYANN      Last: RONYAK

Street:   18500 CROSSVIEW RD

City:   BOYDS      State: MD      Zip: 20841      Home Phone: ██████

Other Phone:

### Driver

DL#: ██████      DL State: MD      DL Class: C      CDL: No

First: MARCELLA  .      Middle: RAYANN      Last: RONYAK

Street:  18500 CROSSVIEW RD

City: BOYDS      State: MD      Zip: 20841      Home Phone: ██████

DOB: ██████      Sex: F      Other Phone:

Safety Equip.:  Shoulder/Lap Belt(S)      Equip. Problem: N/A      Airbag Deployed: Not Deployed

Alch. Test Given:   N/A      Alch. Test Type:      BAC: N/A

Substance Use:      None Detected      Drug Test Given: N/A      Drug Test Result:

EMS Unit:      Injury Severity: No Injury      Ejected: Not Ejected/Trapped

Condition: Apparently Normal

### Occupant

First:  ROBERTA      Middle: ANN      Last: HANSEN

Street:  45 RIVERVIEW DR

City: ELMER CITY      State: WA      Zip: 99124      Home Phone:

DOB: ██████      Sex: F      Other Phone:

Safety Equip.: Shoulder/Lap Belt(S)      Equip. Problem: No Misuse      Airbag Deployed: Not Deployed

Seat: Right      Seating Location: Right Front Seat      Seating Row: 1

EMS Unit:      Injury Severity: No Injury      Ejected: Not Ejected/Trapped

### Impact & Damage

First Impact: Eleven Oclock      Areas Damaged: Eleven Oclock

Main Impact: Eleven Oclock

Most Harmful Event: Other Vehicle

Damage Extent: Superficial      Fire: No

### Circumstances

Going Direction: S      Continuing Direction: S      Vehicle Movement: Moving Constant Speed      Speed Limit: 65

Left Scene: No      Driverless Vehicle: No      Emergency Vehicle: No

Special Function: N/A

Contrib. Circumstances Person: N/A

Driver Distracted By: Not Distracted      Contrib. Circumstances Vehicle: N/A

Sequence of Events: Struck Motor Vehicle In Transport

### Towing

Towed: No      Removed By:      Removed To:

**END - Vehicle 2 (M310WSUR)**

**DEPARTMENT OF THE ARMY**
HEADQUARTERS, UNITED STATES ARMY GARRISON
OFFICE OF THE STAFF JUDGE ADVOCATE
4217 MORRISON STREET SUITE 5030
FORT GEORGE G. MEADE, MARYLAND 20755-5030

November 22, 2016

Claims Division

Mark J. Hardcastle
5950 Symphony Woods Road
Columbia, Maryland 21044-3591

Dear Mr. Hardcastle:

This letter acknowledges receipt of the Federal Tort Claims Act claim filed on behalf of Marcella Ronyak against the United States. The claim seeks damages in the amount of $500,592.74 for property damage and personal injuries allegedly sustained by Ms. Ronyak on November 22, 2014 when her personal vehicle was struck by a government vehicle operated by Robert Blade. This claim was received by this office on October 25, 2016, and the claim was assigned Army Claim Number 17-351-T011.

Pursuant to the Federal Tort Claims Act (FTCA), 28 USC § 2672, the United States will process claims or actions arising from injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee or the agency while acting within the scope of office or employment. The following is additional information for you regarding the filing of claims under the Federal Tort Claims Act.

## STATUTE OF LIMITATIONS

A claim must be filed no later than two years from the date of the incident. The statute of limitations begins the day of the incident and is tolled upon receipt of the claim forms by the United States. The claim must be in the physical possession of the Federal Agency to toll the statute.

Filing an administrative claim tolls the statute of limitations indefinitely or until the United States takes final administrative action in writing on the claim. Final administrative action consists of a denial or an offer of final settlement on the claim. If a claim is filed in the incorrect area claims office, the claim may be transferred to the proper claims office based on the location of the incident giving rise to the claim.

## CLAIMS PROCESSING, TRIAL AND ATTORNEY FEES

Administrative claims are processed under the provisions of the FTCA, Title 28, USC, Sections §§2671 - 2680. **The FTCA contains a mandatory six month administrative investigation and settlement period**.

Exhibit No. 2

-2-

The FTCA also permits you to file suit six months after the claim was filed, provided the claim has been properly filed and adequately documented.  However, filing suit is not required, particularly if satisfactory progress is being made in the administrative claim process.

If you do not file suit, the statute of limitations will be tolled until you are notified in writing by certified mail of the final administrative action.

A trial, if any, would be held in a United States Federal District Court.  No jury trial is allowed under the Act.

As set forth above, attorney fees are limited by the FTCA to 20 percent of any administrative settlement and 25 percent of any recovery as a result of suit under 28 USC §2678.  The attorney fee is paid by the claimant from the monetary settlement.

There are a number of advantages to administrative settlement under the FTCA. The investigation is informal and often, costly and time consuming trial preparation can be avoided.

During the processing of the claim, the claims office might require information supporting the claim pursuant to The Attorney General's Regulation, Administrative Claims under the FTCA.  28 CFR §14.4.  For further assistance, please contact me by phone: 301-677-9696; fax: 301-677-9758; or email: Cheryl.l.hitzel.civ@mail.mil.

Sincerely,

Cheryl L. Hitzel
Attorney Advisor, Claims Division

DEPARTMENT OF THE ARMY
OSJA CLAIMS DIVISION
4217 MORRISON STREET, SUITE 5030
FORT GEORGE G MEADE MD 20755-5030
OFFICIAL BUSINESS

210443507 0041

MARK J HARDCASTLE
5950 SYMPHONY WOODS ROAD
COLUMBIA MARYLAND 21044-3591

First Class Mail
ComBasPrice





U.S. POSTAGE >> PITNEY BOWES

ZIP 20755
02 1W
0001397023 NOV. 22. 2016

$ 000.46⁵

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| MS. CHERYL HITZEL, STAFF ADVOCATE, CLAIMS DIVISION<br>4217 MORRISON STREET<br>FORT MEADE, MD 20755 | MARCELLA RONYAK<br>13911 CARLSON FARM DRIVE<br>GERMANTOWN, MD 20874-4481 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | ▓▓▓▓▓ | Married | Saturday        11/22/2014 | 12:13 a.m. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Federal government employee Robert Blade was operating a GSA owned motor vehicle southbound on I-95 in Howard County, MD. Claimant's vehicle was being operated by Marcella Ronyak in the same direction. Roberta Hansen, the mother of Mrs. Ronyak, was a passenger in that vehicle. Mr. Blade fell asleep at the wheel. His vehicle drifted right and struck the Ronyak vehicle causing property damage and personal injuries to Mrs. Ronyak and Ms. Hansen. See attached claims package.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Property damage to Ronyak vehicle of $592.74. See attached claims package.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached claims package.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See claims package and police report. | RECEIVED 10/25/16 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 592.74 | 500,000.00 | | 500,592.74 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Mark Hardcastle* | 410.884.1160 | 10/25/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** [X] Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No

USAA - POLICY NUMBER 01920-75-36C
9800 FREDERICKSBURG RD.
SAN ANTONIO, TX 78288

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** [X] Yes  [ ] No

**17. If deductible, state amount.**

Claim was filed with USAA.

500.00

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**
USAA paid claim above the deductible.

**19. Do you carry public liability and property damage insurance?** [X] Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [ ] No

See above USAA information.

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, UNITED STATES ARMY GARRISON
OFFICE OF THE STAFF JUDGE ADVOCATE
4217 MORRISON STREET SUITE 5030
FORT GEORGE G. MEADE, MARYLAND 20755-5030

December 15, 2016

Claims Division

Mark J. Hardcastle
5950 Symphony Woods Road
Columbia, Maryland 21044-3591

Dear Mr. Hardcastle:

This letter acknowledges receipt of the Federal Tort Claims Act claim filed on behalf of Roberta Hansen against the United States. The claim seeks damages in the amount of $500,000.00 for personal injuries allegedly sustained by Ms. Hansen on November 22, 2014 when her personal vehicle was struck by a government vehicle operated by Robert Blade. This claim was received by this office on October 25, 2016, and the claim was assigned Army Claim Number 17-351-T024.

Pursuant to the Federal Tort Claims Act (FTCA), 28 USC § 2672, the United States will process claims or actions arising from injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee or the agency while acting within the scope of office or employment. The following is additional information for you regarding the filing of claims under the Federal Tort Claims Act.

## STATUTE OF LIMITATIONS

A claim must be filed no later than two years from the date of the incident. The statute of limitations begins the day of the incident and is tolled upon receipt of the claim forms by the United States. The claim must be in the physical possession of the Federal Agency to toll the statute.

Filing an administrative claim tolls the statute of limitations indefinitely or until the United States takes final administrative action in writing on the claim. Final administrative action consists of a denial or an offer of final settlement on the claim. If a claim is filed in the incorrect area claims office, the claim may be transferred to the proper claims office based on the location of the incident giving rise to the claim.

## CLAIMS PROCESSING, TRIAL AND ATTORNEY FEES

Administrative claims are processed under the provisions of the FTCA, Title 28, USC, Sections §§2671 - 2680. **The FTCA contains a mandatory six month administrative investigation and settlement period**.

*Exhibit No. 3*

- 2 -

The FTCA also permits you to file suit six months after the claim was filed, provided the claim has been properly filed and adequately documented.  However, filing suit is not required, particularly if satisfactory progress is being made in the administrative claim process.

If you do not file suit, the statute of limitations will be tolled until you are notified in writing by certified mail of the final administrative action.

A trial, if any, would be held in a United States Federal District Court.  No jury trial is allowed under the Act.

As set forth above, attorney fees are limited by the FTCA to 20 percent of any administrative settlement and 25 percent of any recovery as a result of suit under 28 USC §2678.  The attorney fee is paid by the claimant from the monetary settlement.

There are a number of advantages to administrative settlement under the FTCA. The investigation is informal and often, costly and time consuming trial preparation can be avoided.

During the processing of the claim, the claims office might require information supporting the claim pursuant to The Attorney General's Regulation, Administrative Claims under the FTCA.  28 CFR §14.4.  For further assistance, please contact me by phone: 301-677-9696; fax: 301-677-9758; or email: Cheryl.l.hitzel.civ@mail.mil.

Sincerely,

Cheryl L. Hitzel
Attorney Advisor, Claims Division

DEPARTMENT OF THE ARMY
OSJA CLAIMS DIVISION
4217 MORRISON STREET, SUITE 5030
FORT GEORGE G MEADE MD 20755-5030
OFFICIAL BUSINESS

2104443567 C041

MARK J HARDCASTLE
5950 SYMPHONY WOODS ROAD
COLUMBIA MARYLAND 21044-3591

First Class Mail
ComBasPrice





U.S. POSTAGE ≫ PITNEY BOWES

ZIP 20755
02 1W
0001397023 DEC. 16  2016

$ 000.46⁵

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008. |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| MS. CHERYL HITZEL, STAFF ADVOCATE, CLAIMS DIVISION<br>4217 MORRISON STREET<br>FORT MEADE, MD 20755 | ROBERTA HANSEN<br>13911 CARLSON FARM DRIVE<br>GERMANTOWN, MD 20874-4481 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | ▓▓▓▓ | Single | Saturday   11/22/2014 | 12:13 a.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Federal government employee Robert Blade was operating a GSA owned motor vehicle southbound on I-95 in Howard County, MD. Claimant's vehicle was being operated by Marcella Ronyak in the same direction. Roberta Hansen, the mother of Mrs. Ronyak, was a passenger in that vehicle. Mr. Blade fell asleep at the wheel. His vehicle drifted right and struck the Ronyak vehicle causing property damage and personal injuries to Mrs. Ronyak and Ms. Hansen. See attached claims package.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Marcella Ronyak. Same address.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Property damage to Ronyak vehicle of $592.74. See attached claims package.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached claims package.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| See claims package and police report. | | RECEIVED 10/25/16 |

12. (See instructions on reverse).

| AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 500,000.00 | | 500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 410.884.1160 | 10/25/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No

USAA - POLICY NUMBER 01920-75-36C
9800 FREDERICKSBURG RD.
SAN ANTONIO, TX 78288

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [X] Yes [ ] No   | 17. If deductible, state amount.

Claim was filed with USAA by Mrs. Ronyak.

500.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

USAA paid claim above the deductible.

19. Do you carry public liability and property damage insurance? [X] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code) [ ] No

See above USAA information.

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK